## WILL PURVIS v. THE STATE.

1. JURY. *Special venire. Legal jury-box.* Code 1892, § 2358.

Where it is shown that the board of supervisors, in making up the list for the jury-box, disregarded the requirement of § 2358, code 1892, that the number of jurors shall be apportioned to the supervisors' districts according to the number of electors in each, a special venire drawn therefrom should be quashed; and where this is done the court should, upon its own motion, order the sheriff to summon another venire.

2. CHANGE OF VENUE. *Application therefor; when made.* Code 1892, § 1415.

Under § 1415, code 1892, which requires an application for a change of venue to be made before a special venire is drawn, such application, if made after the quashal of a venire, but before the writ for another one is issued, is not too late.

3. SAME. *Form of application.* Code 1892, § 1411.

An application for a change of venue, not in writing and not supported by the affidavits of two or more credible persons, as required by § 1411, code 1892, should be refused.

4. CRIMINAL PROCEDURE. *Plea in abatement. Withdrawal of plea. Exception.*

An application by accused for leave to withdraw his plea of not guilty and to plead in abatement, being addressed largely to the discretion of the court, the refusal to grant it will not be ground for reversal, where the matter intended to be pleaded is not disclosed, and no exception is taken until on motion for a new trial. *Wilson* v. *Owens*, 1 How. (Miss.), 126.

FROM the circuit court of the first district of Marion county.

HON. S. H. TERRAL, Judge.

Appellant was convicted of the murder of one Willie Buckley, and sentenced to be hanged. The opinion contains a sufficient statement of facts to illustrate the questions passed upon.

*Watkins & Travis*, for appellant.

1. The court erred in quashing the writ of special venire, and also erred in ordering, of its own motion, a new venire.

2. It was also error to refuse the application for a change of venue. The application sets out all the facts necessary to compel the granting of the relief prayed at that stage of the cause. The court refused to let it be filed or to even hear it.

3. Accused should have been permitted to withdraw his plea of not guilty, and plead in abatement. *Welch* v. *State*, 68 Miss., 341.

*Calhoon & Green*, on the same side.

1. As to the quashal of the first special venire, it is only necessary to say that, if accused had been tried and convicted by a jury from the special venire, this court would not have considered for a moment an assignment of error based on a refusal to quash it. Section 2358, code 1892, is merely directory.

If he could have been validly convicted by a jury from the special venire, its quashal was error; otherwise, the court, unlawfully using its discretion to quash one indictment, may quash another, and so on *ad infinitum.* We submit it was beyond the power of the court to order another venire.

2. The motion for change of venue was not too late. It was made immediately on the quashal of the first venire. If that quashal was not proper, the case should be reversed. If it was proper, then there had been no venire, and the motion was in time.

*Frank Johnston,* attorney-general, for the state.

1. The jury-box had not been prepared according to the plain requirement of § 2358, code 1892. The board ignored the statute entirely. The jurors had not been selected and drawn as provided by law. It was clearly the duty of the court to quash the venire. It could not prejudice the accused for the court to see that the jury was selected according to law. As to the power of the court in this regard, see *Russell* v. *State,* 53 Miss., 367.

The action of the court in ordering a new venire was authorized by § 2386, code 1892. See also *Russell* v. *State, supra.*

2. The application for a change of venue came too late. A special venire had been drawn. Code 1892, § 1415. Besides, the application was informal. The fact that the venire was subsequently quashed, and a new writ awarded, is immaterial. Its quashal did not open the case for an application for a change of venue. The statute is intended to mark the exact point of time after which the application cannot be entertained. The same argument applies to the motion for leave to file a special plea. The plea was not exhibited, and its nature was not disclosed by affidavit or otherwise. Code 1892, §§ 1352, 1355.

COOPER, J., delivered the opinion of the court.

There was no error in quashing the venire first drawn, and in directing the clerk to issue a special *venire facias,* as provided by § 2386, code 1892. It was shown to the court that the board of supervisors had, through ignorance or obstinacy, disregarded the mandate of § 2358, code 1892, in preparing the jury-list from which the jury-box was to be made. There was, in contemplation of law, no jury-box in Marion county, and it would have been useless for the court to have gone through the form of drawing a second venire from the same box, the illegality of which had caused the quashal of the first.

Section 1415 of the code declares that, "in capital cases,

the application for a change of venue must be made before a special venire shall be drawn, or it will be too late, except when the ground on which such application is based occurred after the drawing of such venire."

After the first venire drawn in this cause had been quashed by the court, and before the writ for the second had been issued, the appellant moved the court for a change of venue, the motion being an oral one, and the bill of exception states that to "said verbal application the court replied it was too late to make such application."

While we think the change of venue was properly refused, we rest our conclusion upon the fact that the application was not made "in writing," nor was it "supported by the affidavits of two or more credible persons," as required by § 1411, code 1892, and not upon the ground that the application came too late.

The purpose of § 1415, in requiring the application to be made before the venire is drawn, is to save costs and the unnecessary consumption of the time of the court. The defendant is not permitted to withhold his application until after the venire is drawn and the trial ready to proceed, and then spring it for the first time. But, upon the quashal of the first venire, the case stood as though none had been drawn; of necessity, the *status quo ante* the drawing of that venire was restored, and the right and privileges of the defendant, as well as of the state, were determinable by the conditions then existing. But the defendant, desiring the change of venue, was informed by the statute that his application must be in writing, stating the grounds upon which it was asked, supported by the affidavits of two or more credible persons that the facts therein stated were true. The application did not conform to the statute, and it was properly refused for that reason.

The application by the defendant for leave to withdraw his plea of not guilty and to plead in abatement to the indictment was properly overruled. Applications of this char-

acter are addressed largely to the discretion of the presiding judge, and where, as here, the record does not disclose what matter was intended to be pleaded, it cannot be said that the leave asked should have been granted, or that the defendant was in any way prejudiced by the court's action. The practice of making general and indefinite applications to the court, withholding all information of the merits of the application, is not to be encouraged, and when, as here, it appears that to the action of the court upon such application no exception was then taken, but was brought to the attention of the court by exceptions only by the motion for a new trial, the exception will not be noticed here. *Wilson* v. *Owens,* 1 How., 126.

The exceptions taken to the action of the court in granting instructions asked by the state, and in refusing some instructions asked by the defendant and modifying others, are without merit. Some of those given for the defendant might well have been refused, for the proof of his guilt was not dependent upon circumstantial evidence, but rested upon the direct and positive testimony of an eye-witness. All those instructions, therefore, which were predicated of the weight to be given to circumstantial evidence might have been refused, and those of the same character which were denied were properly denied. We have examined all the errors assigned by counsel, and are of opinion that nothing appears by reason of which the judgment should be disturbed.

*Affirmed.*