## ALLEN LITFORD v. STATE OF MISSISSIPPI.

### [46 South. 246.]

JURIES. *Board of supervisors. Code 1906, § 2718. Jury laws directory. Code 1906, § 2688. List of persons to serve. Venire. Quashing.*

While, under Code 1906, § 2718, so providing, all statutory provisions on the subject of juries are directory merely, the selection of persons to serve as jurors by the board of supervisors will be unwarranted. and a venire drawn therefrom should be quashed if the board make the selection according to its will, wholly ignoring Code 1906, § 2688, providing that it shall annually at its first meeting in each year select and make a list of electors to serve as jurors in the circuit court for the ensuing year, taking them, as near as conveniently can be done, from the several supervisor's districts of the county in proportion to the number of qualified persons in each, excluding those who have served as regular jurors within two years next before the selection.

FROM the circuit court of Tunica county.

HON. JOHN C. BRYSON, Special Judge.

Litford, appellant, was indicted, tried and convicted of the murder of Charles Moody, sentenced to suffer death and appealed to the supreme court. The principle assignment of error was predicated of the action of the court below in overruling defendant's motion to quash the special venire from which the jurors who convicted him were taken. The facts of the case on this point are stated in the opinion of the court.

*Henderson & Magruder,* for appellant.

Code 1906, § 2688, provides the manner of preparing jury lists, from which all juries must be taken. The board of supervisors of Tunica county in preparing the list for the year 1907, disregarded the law and evidently prepared it without reference thereto, as shown by comparison of the list as prepared by the board with the registration books.

When it is shown that the board of supervisors disregarded

the requirements of Code 1906, §§ 2684, 2688, and 2689, or either of them in the preparation of a jury list, a special venire drawn therefrom should be quashed. *Purvis v. State,* 71 Miss. 706, 14 South. 268.

*George Buller,* assistant attorney general, for appellee.

When the case was called the state announced ready for trial and the defendant moved for a special venire of fifty men, whereupon the court ordered the clerk to draw the same. After the execution and return of the *venire facias* appellant. presented a motion to quash, because the number of jurors were not apportioned to the several supervisors' district according to the number of electors in each and because the failure of the board to exclude from those qualified such as had served on the regular panel within two years. This motion was overruled and this is assigned as error here. It will be noted that this venire was drawn from the jury box on the motion of appellant and that no motion had or has since been made to quash the jury box or the list of names placed therein by the board of supervisors or to have the court to declare there was no legal jury box in the county.

If appellant was not satisfied to have a venire from the regular jury box he should have presented a motion to quash the box before the drawing, execution and the return of the venire. He certainly knew before the venire was drawn if there were any irregularities, sufficient to effect the entire box, therefore he should not be heard to say after having put the county to expense, that the court should undo that which was done at his request.

Argued orally by *J. D. Magruder,* for appellant and by *George Buller,* assistant attorney general, for appellee.

CALHOON, J., delivered the opinion of the court.

In this case a special venire was demanded by the accused, and the same was drawn and the return made by the sheriff.

On the return day of the special venire he moved to quash it, and the court overruled the motion. On the motion testimony was introduced which showed conclusively that Code 1906, § 2688, was ignored by the board of supervisors. That section requires that the board should take the names of the jurors "as nearly as they conveniently can from the supervisors' districts in proportion to the number of qualified persons in each, excluding all who have served on the regular panel within two years, if there be not a deficiency of jurors."

It is perfectly apparent from the proof that no attention was paid to this requirement. In one of the beats (No. 4), the registration books show the names of only twenty-six persons registered, while from it the board selected twenty-nine persons, of which number twelve had never been registered, and ten of them who had been registered were wholly omitted. In beat No. 5, there were fifty-eight registered electors; whereas, the board put sixty-three persons in the jury box from that beat.

The observance of this section 2688 is at the very basis of all jury trials, and, under the ruling in *Purvis v. State,* 71 Miss. 706, 14 South. 268, the judgment appealed from in this case necessarily must be *reversed* and *remanded.*