## SIMMONS v. STATE.

[68 South. 913—65 South. 511.]

1. CRIMINAL LAW. *Review. Province of jury. Presumptions. Drawing of jurors. Impaneling. Harmless error. Failure to observe law. Indictment and information. Motion to strike. Grounds.*

The jury are the sole judges of the credibility of the witnesses and the weight of the testimony of any witness or other probative fact in the case, and unless there is shown some immaterial error of law in the submission or presentation of the case to jury, the case must and should be affirmed.

2. CRIMINAL LAW. *Presumptions. Drawing of errors.*

The law indulges the presumption that the board of supervisors in drawing jurors, performed their lawful duty, until the con-

trary is shown, and the court cannot take judicial notice of the fact that the board declined to use for jury service qualified electors in beats other than one beat, who were of "good intelligence sound judgment at fair character," and the mere fact that an order for the drawing of jurors did not show that they were drawn from more than one district will not raise a presumption that the jurors were not drawn from other districts.

3. SAME.
  Even where the list of jurors was made up altogether from residents of one beat, a verdict and judgment of conviction will be upheld, in the absence of a showing on the part of the defendant that he has been materially hurt, damaged, or prejudicial in any of his rights or that any member of the panel accepted was other than a fair and impartial juror, since Code 1906, section 2718, declares that the jury laws are simply directory.

4. INDICTMENT AND INFORMATION. *Motions to strike. Grounds.*
  Where in a prosecution for rape upon a girl under the age of consent the indictment alleged the use of force by accused, such averments may be treated as surplusage, and it was not error for the court to refuse to strike them from the indictment.

APPEAL from the circuit court of Lincoln county.
HON. M. McCULLOUGH, Special Judge.

J. E. Simmons was convicted of rape and appeals. The facts are fully stated in the opinion of the court.

*R. W. Cutrer,* for appellant.

The motion to quash the venire drawn in this case should have been sustained, because the board of supervisors of Lincoln county in preparing the list of jurors to serve for the year 1914 disregarded section 2688, Code 1906, in that they did not draw the jury from the different supervisor's district as set out in this section, and a special venire drawn therefrom should be quashed. *Purvis* v. *State,* 71 Miss. 706; *Litford* v. *State,* 93 Miss. 419.

It was error for the court to overrule the motion to strike out of the indictment the words: "Willfully,

violently, forcibly and feloniously assault one Retta Simmons, and did then and there violently, forcibly, rape, ravish and carnally know the said Retta Simmons.''

This is an indictment charging the ravishing of a young girl under twelve years of age; a separate and distinct offense from raping a female over twelve years of age. There are two offenses set out in section 1358, Code 1906, Acts 1908, at page 187. We invite the court's careful consideration of these statutes. We quote Acts 1908, page 187; ''Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of twelve years'' this is the part that applies to the case at bar.

We quote further: ''Or by forcibly ravishing any female of the age of twelve years and upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve years without her consent, etc.'' This latter quotation applies where the female is over twelve years of age. Our contention then is, in an indictment where the female is under twelve years of age, and the state relies upon that fact alone; for a conviction it is error to insert in the indictment the word *supra,* and if the indictment charges that it was wilfully, violently, forcibly and feloniously done, the state must prove these facts, and in failing to so prove the prosecution must fail, regardless of whether the female is under age or not.

When the offense is charged to be rape, forcibly and against the will, it should be proved as alleged in the indictment, no matter what the age of the female may be, and the accused ought not, on such charge, to be convicted of the separate offense of unlawfully having carnal knowledge of a child under twelve years of age. Bish. St. Cr., sec. 486; *Vasser.* v. *State,* 55 Ala. 264; *Greer* v. *State,* 50. Ind. 267.

When the offense is charged to have been done forcibly and against the will, the principle that a child of tender age cannot consent, should not be invoked. If the offense is against a child under the age of twelve years, and it is desired to avoid the necessity of proving that it was committed forcibly and against her will, the indictment should be so drawn so as to accomplish that end.

To charge one with an act which is unlawful, because it is done with force and against the consent of another, and to convict him without proof of these essential elements of the crime, or to dispense with or supply such proof on such charge, on the theory that, if there was consent, the party had not capacity to give it, would be a proceeding wholly inconsistent with the justice and fair dealing which should. and does characterize the administration of public law.

*Bonner* v. *State,* 3 So. 663. Bishop says: "One cannot be convicted of the statutory offense of unlawfully having carnal knowledge of a child, under the age specified in the statute, on an indictment in the ordinary form, as for rape on an adult. Bish. St. Cr., sec. 486.

Therefore, we say, the facts in this case is one thing and the indictment another, and for this reason the case should be reversed, the indictment quashed, and the defendant held for proper indictment, if the facts are sufficient to hold him.

*Geo. H. Ethridge,* Assistant Attorney General, for the state.

The next point raised in the brief of counsel is the indictment charged in this case by force and against the will of the little girl, and it is claimed that the court erred in not striking these words from the indictment on motion of the defendant for that to be done, and the case of *Bonner* v. *The State* is relied upon to sustain this point. This indictment is not the same as the

indictment in the Bonner case, and that cause is not authority here. If it were directly in point, it is decided wrong, because under the statute it is immaterial as to a female under twelve years of age whether force was used or not, and it would be merely surplusage to use the words "forcibly and against her will."

The case of *Burrell Davis* v. *The State,* 42 Texas Reports, 226, is a case which presents the true doctrine on the allegations where an indictment contains the allegation that the female was under the age of statutory consent. If the allegation had been merely by force and against the will, without any allegation as to age, then the state would have come within the rule announced in the Bonner case where the offense could be proved as laid; an allegation of age being, a necessary element of offense if the state relies on nonconsent to make out its case. But where the allegation in the indictment is that the child is under the statutory age, the mere allegation of forcibly and against her will would be surplusage.

It is next insisted that the motion to quash the venire should have been sustained because the jury was not drawn in the manner prescribed by law. I submit that there is no merit in this contention; that the jury laws are merely directory, and there was no abuse or prejudicial error shown in this record that would entitle the defendant to complain of the jury selected. It does not appear in the record that the jury was not a proper and competent jury, and it does not appear that they were not qualified to serve as such; and section 2718 of the Code applies in full force in this case.

I respectfully submit that the evidence is conclusive, if the state's witnesses are believed to be true, and the jury are the ones that have the right to say whether their testimony is the truth or not. It is not the function of this court to pass upon the credibility of the witnesses. If the witnesses for the state state enough

to make out a case, and the jury believe their statements, the courts are, and ought to be, bound by them. They have the parties before them, see them and know their history and surroundings, in a measure, and have many facilities for knowing the truth that this court cannot get from the printed record.

I submit that the case ought to be affirmed.

STEVENS, J., delivered the opinion of the court.

This is the third time this case has come before this court; the appeal each time being prosecuted by appellant from a judgment of conviction on the charge of rape. The material facts of the case and the former opinions of this court reversing the case will be found in 105 Miss. 48, 61 So. 826, and 64 So. 721. In this third appeal there are twenty-eight assignments of error, all of which have had our careful analysis and consideration. A discussion in this opinion of all these assignments would be neither interesting nor profitable. We must be content with the statement of the conclusion to which a painstaking reading of the record leads us, treating, however, with some detail the eighth assignment of error.

It is contended by the appellant in the outset that no crime whatever is shown. The innocent and injured little daughter, under twelve years of age at the time of the alleged crime, was not put on the witness stand by either the state or the defendant, and the testimony on the third trial of the case below contained, for the first time, the evidence of appellant, as a witness in his own behalf, and of his wife, both parents of the injured party. The wife attempts to corroborate the account of appellant to the effect that the injury, from the effects of which the child was brought home faint and bleeding, was caused by a barbed wire. There is in our judgment, sufficient evidence of the guilt of the accused to support this third verdict of guilty

rendered by a jury, and rendered in this instance upon and after receiving instructions from the court which are admittedly proper, full, and complete. The jury was warranted in finding that the witnesses for the defense were contradicted in many material respects, and especially by the very character of the injury itself. The bleeding wound, largely internal and lacerated,· spoke in more convincing terms than any words of protesting innocence uttered from the witness stand by the accused and other members of his family. The jury were the sole judges of the credibility of the witnesses and the weight of the testimony of any witness or other probative fact in the case, and unless there is shown some material error of law in the submission or presentation of the case to the jury, then the case must and should be affirmed.

The eighth assignment of error is as follows:

"The court erred in overruling defendant's motion to quash the venire in this case, because same was not drawn by the board of supervisors according to law as set out in section 2688, Code 1906."

In support of the motion to quash this venire appellant offered in evidence the minutes of the board of supervisors of Lincoln county, showing the order of January 6, 1914, drawing jurors to serve for the year. It is contended that this order and the list of jurors so drawn does not comply with section 2688, Code of 1906. The caption of the order reads: "Page 104, book No. 4. 6th day, January Term of Board of Supervisors of Lincoln County, Mississippi. Jury List, 1914. District 1"—followed by a long list of jurors. The deputy chancery clerk was introduced as a witness to show that this was the only order for or list of jurors drawn, and no evidence whatever was offered to show that, as a matter of fact, the board of supervisors either willfully, corruptly, or arbitrarily failed to comply with the law in making up the jury box for the

year. It was not shown that any juror in the list
so drawn was not a competent juror. The naked order
or list itself is all appellant relied on as showing an
unlawful or void jury box. The jury actually im-
paneled from the venire was accepted by defendant
without exhaustion by him of his peremptory chal-
lenges, so far as this record reflects, and there is no
intimation that any member of the panel so accepted
was other than a fair and impartial juror. The law
indulges the presumption that the board of supervisors
performed their lawful duty until the contrary is
shown, and the court cannot take judicial notice of the
fact in this case that the board declined to use for
jury service qualified electors in beats other than beat
1 who were of ''good intelligence, sound judgment, and
fair character;'' but, conceding that the list of jurors
was made up altogether from residents of beat 1,
we are constrained to hold that the verdict and judg-
ment of conviction must be upheld, in the absence of a
showing on the part of the appellant that he has been
materially hurt, damaged, or prejudiced in any of his
rights. The twelve men impaneled were admittedly
qualified jurors, fair and impartial in this particular
case. Not one of them is challenged for cause. The
only objection raised to the jury was by motion to
quash the entire venire because of the alleged failure
on the part of the board of supervisors to comply with
section 2688 of the Code. Section 2718 of the Code
provides that our jury laws are directory, and this sec-
tion, in the absence of a showing that appellant has
in fact been injured by the overruling of the motion
to quash the venire, cures any alleged error of the
board of supervisors or the court below in the ''list-
ing, drawing, summoning, and impaneling of the jury
in question.'' Lewis v. State, 91 Miss. 505, 45 So. 360;
Cook v. State, 90 Miss. 137, 43 So. 618, and cases there
cited.

As said by Judge MAYES in the *Cook Case, supra:*

"No person on trial has a vested right in any particular juror, . . . nor in any particular number of jurors in the box. . . Criminals are not to be tried on the doctrine of chances, or on metaphysical discussions of the law, but upon the facts in their case. All that they can ask is a fair and impartial trial before a fair and impartial jury."

In the case of *Walford* v. *State,* 63 So. 316, there was a motion to quash the venire principally because the sheriff summoned thirty men instead of forty as required by the statute and SMITH, Chief Justice, in the opinion of the court, says:

"The sheriff failed to summon forty jurors, and therefore to that extent failed to obey the order of the court; but under section 2718 this provision of the jury law is directory merely. Since there is no hint in the record that an impartial jury was not obtained, appellant suffered no harm by reason of the fact that the sheriff only summoned thirty men, and cannot complain thereof. *Buchanan* v. *State,* 84 Miss. 332, 36 So. 388."

The court in the instant case is really called upon to presume injury to appellant based purely and simply upon the fact that the minutes of the board indicate, on their face, that all the jurors were drawn from beat 1. It is not unlikely that it is a clerical error in not placing the number of the other districts on the face of the minutes of the board. Indeed, the motion to quash does not assign, as a matter of fact, that the board disregarded the other districts. The motion to quash simply charges: "They were not drawn according to the provisions of section 2688 of the Code of Mississippi 1906, and is no venire in fact." At any rate, none of the constitutional guaranties were invaded. Appellant, so far as the face of the record discloses, had a fair and impartial trial. It is a matter of indifference as to whether the jurors, admittedly fair and impartial,

lived on this side or the other side of the creek; they were qualified electors and qualified jurors of Lincoln county, and not one of them, as stated before, was challenged for cause or shown to have any opportunity to prejudge the cause of appellant.

Able and experienced counsel for appellant rely upon the two cases of *Purvis* v. *State,* 71 Miss. 706, 14 So. 268, and *Litford* v. *State,* 93 Miss. 419, 46 So. 246. In the Purvis Case the trial court quashed the venire and thereafter submitted to the accused a fair and impartial jury, and the precise point involved in that case is not in question here. While the Litford Case appears as authority for the contention of appellant, the contention that section 2718, Code of 1906, cured the irregularity seems not to have been argued or presented by counsel or decided by the court. Furthermore, it is stated in the opinion of the court that the record disclosed affirmatively the selection by the board of supervisors of persons in beats 4 and 5 who were not even registered. In other words, it was affirmatively shown that many persons in the list were not competent to sit as jurors in any case.

It is contended that the court erred in not sustaining the motion of appellant to strike from the indictment the words, "willfully, violently, forcibly, and feloniously assaulted one Retta Simmons, and did then and there unlawfully, violently, forcibly and feloniously rape, ravish, and carnally know the said Retta Simmons," because, in the language of counsel for appellant, "said words are surplusage, have no place in this indictment, and can only serve to prejudice the minds of the jury." It is further contended that after these words were left in the indictment it was incumbent upon the state to prove the element of force charged, and *Bonner* v. *State,* 65 Miss. 293, 3 So. 663, is relied on. In the Bonner Case, however, the age of the child, an essential element in the charge of ravishing a female under the

age of consent, was not charged in the indictment. The state in that case appeared to rely upon the charge of rape "in its common acceptation." In the instant case, however, the indictment without the words complained of is a good indictment for the statutory crime of having carnal knowledge with a female under the age of consent, and the unnecessary words therefore should be regarded as surplusage. Indeed, counsel for appellant terms this language of the indictment surplusage in the very motion made before any evidence ·was introduced to strike these words from the indictment.

Bishop on Statutory Crimes (3d Ed.), par. 486, says:

"One cannot be convicted of this offense on an. indictment in the ordinary form as for a rape on an adult. There must be an allegation of the age. . . . Such averments as 'with force,' 'against her will,' and 'ravish' are unnecessary, though if inserted they may be treated as surplusage."

To the same effect is the case of *Davis* v. *State,* 42 Tex. 226.

. Thirty-six jurors, acceptedly expert triers of facts, have pronounced the accused guilty. Every instruction asked by appellant, except the first peremptory instruction requested by him, was granted. There were only two instructions asked for and granted the state, and there was no error of law in either of the state's instructions. The rulings of the court in the admission and exclusion of testimony were liberal in appellant's favor. The findings of the jury, therefore, must be accepted with confidence, and after satisfying ourselves that no material error of law was committed we feel that we have fully discharged the responsibility upon us, and we leave the accused to the results of his own wrong. The charge proven is one of the most shocking in the catalogue of crimes, and surely for this

appellant we are prepared to believe, "It is profitable for him that a great millstone should be hanged about his neck, and that he should be sunk in the depth of the sea."

*Affirmed.*

SMITH, C. J., (concurring.)

I think the record affirmatively discloses that the jurors were selected by the board of supervisors altogether from supervisor's district No. 1, and that therefore it did not comply with the law in selecting them, so that to that extent I differ with my Brother STEVENS. I fully concur, however, with him in holding that under section 2718 of the Code this error of the board cannot be complained of by appellant. I understand that the distinction between mandatory and directory statutes is this: A mandatory statute is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory statute is one the observance of which is not necessary to the validity of the proceeding. 36 Cyc. 1157; 2 Words and Phrases, 2d Series, 53.

It is true that the board of supervisors placed a less number of names in the jury box than the law requires, but appellant has made no complaint of this fact, and even had he done so I think that, under the provisions of section 2718 of the Code, this error committed by the board did not invalidate or make the jury box illegal.

I think my Brother COOK is in error in stating that "under this decision the judge may refuse to order a special venire to try a capital crime." Section 2718 has no bearing on the right of the defendant to a special venire, but bears simply upon the manner in which the venire shall be listed and drawn and the jurors composing it shall be summoned and impaneled.

COOK, J., (dissenting).

·The court has gone so far wrong in this case, in my opinion, I feel impelled to register my dissent. This opinion puts it in the power of the circuit judge to arbitrarily ignore the statutory scheme provided by the lawmaking department of the state for the selection of fair and impartial juries. Under this decision the judge may refuse to order a special venire to try a capital crime, and such refusal will not be reviewed by the appellate court, unless it can be made to appear that defendant was deprived of a trial by a fair and impartial jury. The judge may give to the sheriff a list of names to be summoned, arbitrarily refusing to draw the venire from the jury box properly and legally prepared, and, according to the views of my Associates, a defendant cannot complain, unless he can show that he was tried by an unfair jury. Surely this is not the law. How can it be judically said that a jury drawn in defiance of the plan provided by law is in fact or in law a constitutional jury?

I can see why the defendant could not complain if he fails to protest while the law is being raped. If the defendant tacitly agrees to the summoning and impanelling of a jury, and after the jury has been impaneled, for the first time, objects to the array because it was not selected according to the statutes, it is perfectly reasonable to say that he is estopped to complain. In this case defendant moved to quash the box before the jury was drawn. Confessedly, the box was not made up in the manner provided by law. The court in this instance named the jurors who should be summoned to try defendant. Defendant was forced to accept these men. The box as prepared was not a jury box in the contemplation of law, and so it is the judge selected the jury in this case. There is nothing in our law authorizing a judge to do what the judge did in this case. It will be noted, that section 2689, Code

1906, provides that the jury list shall contain not less than two hundred. In this instance the list contained only one hundred and thirty-eight names. So, the judge required the defendant to accept a jury drawn from a list containing sixty-two less than the statute required. Logically, in the view of my Associates, the judge could have gone much farther and selected a venire of twenty-four, and the defendant will not be heard to complain in this court, unless he can show that he did not get a fair and impartial jury. Without apology for slang, I am constrained to say this is "going some."

In the absence of any statute on the subject, I submit that the procedure in this case should not be tolerated. It is shocking to say, that a defendant charged with a capital crime can be tried, convicted, and "sunk in the depth of the sea," by the verdict of a jury selected in utter disregard of the statutes designed to secure a fair and impartial jury, especially when the record shows that he seasonably registered his protest against the novel procedure.

My Associates justify their approval of the proceedings by saying that the statutes are merely directory, and any method of selection will suffice. I do not think section 2718 Code 1906, is broad enough to justify a deliberate wiping out of the legislative plan. The second clause, of section 2718 reflects the meaning of the legislature, "and a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn." This clause saves the jury after it has been impaneled and sworn, and surely it was not intended by the first clause of the section to cure, not only informalities and irregularities, but to cure an absolute disregard of the jury laws.

So long as the opinion in this case remains on the books the statutes providing for the selection of juries

are merely waste paper, to be consulted or ignored as the trial judge may think best. For the sake of harmony the statutes should be repealed, and the judges given a free hand to adopt plans which seem to them an improvement on the statutory plan.

Who can say that the selection of a few jurors from a limited area does not deprive the defendant of his constitutional right to be tried by a fair and impartial jury? Where is the line to be drawn? Manifestly, if the jury is selected from one district alone, not by chance but by intention, the jury does not come from the body of the county.