SUGG, Justice,
for the Court:
William E. Snowden was convicted of murder and sentenced to life imprisonment by the Circuit Court of Jackson County. Snowden contends that his application for change of venue was improperly denied because his application, under section 99-15-35 Mississippi Code Annotated (1972), established a prima facie case for change of venue and the state did not resist the prima facie showing by the introduction of evidence to controvert the effect of the affidavit. He relies on McGee v. State, 200 Miss. 350, 26 So.2d 680 (1946); Wexler v. State, 167 Miss. 464, 142 So. 501 (1932) and Magness v. State, 103 Miss. 30, 60 So. 8 (1912) which hold that, when an application for change of venue is sufficient under the statute, it makes a prima facie showing therefor and must be met by the state by proof.
*1144 The statute requires that an application for change of venue be in writing, sworn to by the prisoner and supported by the affidavit of two or more credible persons. The state contends that the application for change of venue is defective because it was not sworn to by the prisoner as required by the statute.
The application for change of venue was signed and sworn to by one of the attorneys for the defendant and was not sworn to by the prisoner. McGee v. State, supra, involved an application for change of venue which was sworn to by the attorney for the prisoner. We stated in McGee :
It is true that the application was not sworn to by the prisoner, but it also shows that the prisoner was incapable of making the affidavit for himself, and such being the case, both the reason and the letter of Section 1661, Code 1942, comes into play, that statute being as follows: ‘In all cases where the oath or affirmation of the party is required, such oath or affirmation may be made by his agent or attorney, and shall be as effectual for all purposes as if made by the party.’
An application such as this is interlocutory, and we find no instance in the long history in this State of the quoted statute wherein its reasonable application to purely interlocutory steps has ever been refused in any case civil or criminal, although it has been denied, and sometimes under general language unduly restrictive, as to affidavits necessary to initiate a proceeding such as in the probate of a claim or the filing of a bill for divorce where the facts of the claim and its validity are peculiarly within the knowledge and conscience of the claimant. But there is no such case here; and if the statute were refused application in a case such as is now before us, it would mean that only sane prisoners would be allowed to obtain a change of venue, while an insane person or one otherwise incapable of making the affidavit would be denied the right, and we must deny that the Legislature ever had any such thought that such an indefensible difference should be made. In what we have said we do not decide that a prisoner must be insane or disabled in order that his attorney may make the requisite affidavit. We decide only as to the state of case before us. (200 Miss. at 358, 359, 26 So.2d at 683) (Emphasis supplied)
In our case there was no showing that the prisoner was incapable of making the affidavit. He was in jail and was available for the purpose of making the requisite affidavit to support his application for change of venue.
When we stated in McGee that, “we do not decide that a prisoner must be insane or disabled in order for his attorney to make the requisite affidavit,” the Court did not abrogate the requirement of section 99-15-35 that the prisoner must swear to his application for change of venue, but merely permitted the oath or affirmation to be made by the prisoner’s attorney under section 11-1-3 Mississippi Code Annotated (1972) in cases where the prisoner is incapable of making the oath or affirmation. In Purvis v. State, 71 Miss. 706, 14 So. 268 (1893) we held that an application for change of venue was properly refused, and rested our conclusion on the fact that the application did not meet the requirements of the statute because it was neither made in writing nor supported by the affidavit of two or more credible persons.
The application for change of venue in this case did not make a prima facie showing because it was not sworn to by the prisoner and no reasonable explanation was given for his inability to make the oath required by statute; therefore, it was properly refused without requiring the state to resist the application by introducing evidence to controvert it.
Snowden also contends that his motion for continuance should have been sustained because of pretrial publicity. After reviewing the record carefully, we are of the opinion that the trial judge did not abuse his discretion in denying the continuance. He also argues that the remarks of the district attorney in his closing argument *1145 were prejudicial. We have carefully examined this assignment of error and find that the district attorney was engaged in the field of legitimate argument by drawing an inference from the testimony of a witness in the case.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and BOWLING, JJ., concur.