CHARLES ORR v. STATE OF MISSISSIPPI.

CRIMINAL LAW AND PROCEDURE. *Rape. Indictment. Clerical misprision.* Code 1892, § 1435.

Where the name of the defendant, by a clerical misprision, is in one count erroneously written in an indictment for rape, and the error be apparent from the instrument itself, the prosecutor may amend the same, by correcting the error, without the consent of the grand jury, under code 1892, §1435, authorizing such amendments.

FROM the circuit court of, first district, Panola county.

HON. PERRIN H. LOWREY, Judge.

Orr, appellant, was indicted for committing a rape on the body of one Martha Dillard. There were two counts in the indictment; the first one correctly designated the defendant as Charles Orr, the second one designated him as "the said Charles Dillard" (using the woman's surname). The defendant plead a misnomer to the second count, and the state thereupon asked and was granted leave to amend the indictment by

changing the name "Charles Dillard" to "Charles Orr." The defendant objected to the amendment, and duly excepted to the order of court allowing the same. Upon trial defendant was convicted and appealed to the supreme court.

*A. W. Shands and E. W. Rainwater,* for appellant.

The court clearly erred in permitting the district attorney to amend the second count of the indictment herein, by striking out the words "Charles Dillard" and inserting the words "Charles Orr." That this could not be done at common law is clear. *McGuire* v. *State,* 35 Miss., 366; *Commonwealth* v. *Buzzard,* 5 Gratt (Va.), 694.

We recognize the doctrine that when the name is once mentioned in an indictment it need not be repeated, but this doctrine does not apply to indictments with two counts, each count in an indictment is separate and distinct and must by itself contain all of the essential elements of a valid indictment. One count cannot hang upon or draw force from the other. 10 Ency. Pl. & Pr., 540.

It being true that this amendment could not be made under the common law procedure, then it cannot now be done unless the right to amend be given by § 1435 of the code of 1892. This section is in derogation of the common law and is, therefore, to be strictly construed, as against any innovation upon the system of common law pleading.

As appears in this record the amendment was made and permitted while a plea in abatement was on file and actually being considered by the court, before any evidence had been introduced, before the trial of the indictment was begun, and before it appeared that there was a variance, or that the grand jury had intended to indict any one except Charles Dillard.

There are four sufficient reasons why in this state of case this amendment could not be made under § 1435.

1st. The statute provides that "whenever on the trial on an indictment for any offense." We presume the trial of the indict-

ment would not be held to begin until the jury be empanelled and the introduction of evidence begun.

2d. There must appear to be a variance between the statements in the indictment and the evidence offered in proof thereof. In this case no variance appeared, whatever, because no proof had been offered, which is a condition precedent to the right to amend.

3d. The statute rests solely upon the fact of mistake on the part of the grand jury, that they intended to charge one offense, or, for the sake of argument, one defendant, and charged another. In the case at bar there was no proof whatever produced which tended to show this. Now, can the court presume a mistake? Can it take judicial knowledge of the fact that there was a mistake? Should not all doubts rather be resolved in favor of the correctness of the act of the grand jury? If it be answered that it is apparent that the grand jury did make a mistake in indicting one man in one count and another in the second, ought not the defendant to be given the benefit of this doubt, and the court presume that it was the intent of the grand jury so to indict two separate men?

4th. Even if the trial was begun and the amendment was not prematurely made, and the court, in the absence of proof of the intent of the grand jury, could presume that they intended to indict Charles Orr, in the second count, still that the amendment was erroneous, because the statute applies only to amendments in the descriptions and names of those places, things, or persons which are or may be the subject of the offense. We can cite no authority for this proposition, but think it clear from the reading of the statute. It is one of the elementary rules for the construction of statutes that they be so construed, as far as possible, as to be in consonance with the common law and the constitution.

*William Williams,* assistant attorney-general, for appellee.

The court was authorized to permit the indictment amended

by § 1435 of the code. "Christian name or surname, or both, or other description whatever, of any person whomsoever," is the language of the statute. "The identity of the name in the indictment is not essential, but the identity of the offense and of the person is. A name may be changed so as to conform to the truth, but the person cannot be changed, because this would be the finding of a new bill, and not the amendment of one found by the grand jury." *Blumenberg* v. *State,* 55 Miss., 528.

Charles Orr was mentioned in the first count of the indictment and Charles Dillard in the second count. The identity of the person is the same and the identity of the offense is the same in both counts. It was simply, in all probability, a mistake on the part of the district attorney in using the name Dillard in the second count instead of Orr.

"The identity of the offense charged was not disturbed, and the real charge preferred by the indictment was not changed," so the amendment was properly admitted. *Miller* v. *State,* 68 Miss., 221; *Miller* v. *State,* 53 Miss., 403; *Peebles* v. *State,* 55 Miss., 434.

CALHOON, J., delivered the opinion of the court.

The amendment, if any amendment was needed, which we do no decide, was proper under code § 1435, under the language, "or other description whatever, of any person whomsoever, therein named or described." The clerical misprision in this indictment is perfectly manifest, the conviction entirely proper, and there is no error in the record.

*Affirmed.*