## SIMMONS *v.* STATE.

[65 South. 511—64 South. 721.]

1. CRIMINAL LAW. *Instructions. Cure by other instruction. Oral instructions.*

The giving of an erroneous instruction for the state in a trial for rape "that the crime of rape may be proven by circumstances, and it is not necessary to have eyewitnesses to the deed, if circumstances are sufficient to convince the jury beyond a reasonable doubt, that the accused party is guilty;" is not cured by the giving, at defendant's request, of an instruction, that to convict, the state must prove to the jury's satisfaction beyond a reasonable doubt that the defendant had sexual intercourse with prosecutrix, and that the injury was caused in no other way, and that if it failed to do this, the verdict should be not guilty, since the defendant's instruction did not in any way mention circumstantial evidence.

2. CRIMINAL LAW. *Instructions. Oral instructions.*

It is reversible error for the trial court to orally instruct the jury as to the verdict they were authorized to render.

APPEAL from the circuit court of Pike county.

HON. D. M. MILLER, Judge.

The opinion of this case is on a suggestion of error. The case is reported in 105 Miss. 48.

*H. V. Wall,* district attorney, for the state.

*R. W. Cutrer* and *J. M. Alford,* opposed.

COOK, J., delivered the opinion of the court.

At a former day of this term this case (64 So. 721) was reversed and remanded, because of errors in the instruction given by the trial court for the state. The case is again before us upon suggestion of error.

In the former opinion, the instruction condemned reads as follows:

"The court instructs the jury for the state that the crime of rape may be proven by circumstances, and it is not necessary to have an eyewitness to the deed, if the circumstances are sufficient to convince the jury beyond a reasonable doubt that the accused party is guilty."

It is contended by the state that the error in the instruction just quoted is cured by the following instruction given to the jury at the request of the defendant, viz.:

"The court instructs the jury for the defendant that it makes no difference in this case whether Retta Simmons was injured on a wire fence or not, or how she was injured; but before you can convict this defendant of the offense, the state must prove to your satisfaction beyond a reasonable doubt, that the defendant had sexual intercourse with her and the injury was caused in no other way, and, if it has failed to do this, you must find him not guilty."

The state contends that the instruction condemned by the former opinion of this court, read in connection with the instruction just quoted, correctly announces the rule governing the probative value of circumstantial evidence. In other words, the argument is that the two instructions advise the jury that "the state must prove to your satisfaction beyond a reasonable doubt that the defendant had sexual intercourse with her, and that the injury was caused in no other. way," means that the jury cannot convict on circumstantial evidence alone, unless the evidence excludes every reasonable hypothesis other than the guilt of defendant.

We are unable to see how the instruction given for the defendant in any way aids the instruction given for the state. The state's instruction erroneously announces the rule governing the probative value of circumstantial evidence, and the instructions given at request of defendant does not mention circumstantial evidence at all. This is the second appeal of this case, and in the first appeal we condemned the instruction now under review.

It is now suggested that the second reversal is based on "flimsy technicalities," which have no place in the jurisprudence of this enlightened age. This condemnation of the ruling of the court is rather robust, but not altogether convincing, inasmuch as no flaws in the reasoning of the court are pointed out by the able and zealous advocate.

It is also suggested that to try and retry the instant case imposes unnecessary expense upon the taxpayers. We venture to suggest that the obvious way to prevent additional and unnecessary expense is to try the case in the manner first pointed out by this court in the *Algheri Case,* 25 Miss. 584, in 1853, which case has been frequently followed and never stigmatized as dealing in "flimsy technicalities" until the filing of this suggestion of error, by the learned district attorney.

It may not be inappropriate to say that the improvident expenditure of public money cannot be justified or excused, but it must be remembered that the humblest member of society is guaranteed a fair trial before an impartial jury properly advised of the rules of law to be applied by them in determining whether or not he shall pay the penalty of the law.

We prefer to believe that a fair trial according to the rules prescribed by the established law of the state is infinitely more important than the saving of a few dollars.

In addition to the error in the written instruction, it seems that the trial judge instructed the jury orally in regard to the verdicts the jury were authorized to render in this case. This was fatal error. *Gilbert* v. *State,* 78 Miss. 300, 29 So. 477.

*Suggestion of error overruled.*