WILLIAMSON ET AL *v.* STATE.

[76 South. 637, Division A.]

HOMICIDE. *Instructions. Right of accused to arm himself. Self-defense.*
　　Where in a prosecution for murder, the jury could have found from the evidence, that defendant provoked the difficulty with the deceased by going into the house and attempting to shoot him, but failing so to do, abandoned the difficulty and fled and while attempting in good faith to escape, was pursued and attacked by deceased and forced to kill him in self-defense, in such case it was error for the court to instruct the jury for the state, that defendant could not arm himself with a deadly weapon with the intention of using it to overcome his adversary if necessary and go upon deceased's premises and provoke a difficulty with him, slay him and then claim self-defense.

APPEAL from the circuit court of Sunflower county. HON. W. H. HUGHES, Judge.

Ode and Cooper Williamson were convicted of murder and appeal.

Appellants, Ode and Cooper Williamson, were indicted jointly with Mrs. Cola Nichols, for the murder of one Walter Nichols, the father-in-law of Mrs. Cola Nichols, who had separated from her husband, David Nichols,

some months prior to the killing. A severance was obtained, and appellants were tried separately from Mrs. Nichols, and from a conviction of murder and life sentence in the penitentiary, they appeal. The record shows that the appellants went to the home of the deceased, where deceased was killed by Ode Williamson. There was a conflict in the evidence as to who provoked the difficulty. Among other instructions given at the request of the state was instruction No. 4, which is as follows:

"The court instructs the jury for the state, that the law in this case is, that a person cannot arm himself with a deadly weapon, with the intention of using it to overcome his adversary, if necessary, and so armed, go upon the premises of another and provoke a difficulty with him, and in such difficulty slay his adversary with such deadly weapon, and then be heard to say that he acted in self-defense."

*Bee King, A. M. Edwards* and *A. W. McRaney,* for appellants.

We especially call the attention of the court to instruction No. 4, which reads as follows: "The court instructs the jury for the state, that the law in this state is that a person cannot arm himself with a deadly weapon with the intention of using it to overcome his adversary, if necessary, and so armed, go upon the premises of another and provoke a difficulty with him and in such difficulty slay his adversary with such deadly weapon and then be heard to say that he acted in self-defense." This is virtually a peremptory instruction and takes from the defendant in the case the right of self-defense, and was highly prejudicial to the defendants and the law as announced in this instruction is not applicable in any measure to the facts in this case, because there is no evidence showing that defendants went upon the premises of the deceased for the purpose of provoking a

difficulty, or that they provoked a difficulty after they reached said premises, but all the evidence in the case both for the state and for the defendants shows that defendants left the premises or attempted to leave said premises immediately after discovering the deceased was at home and that whatever their intentions might have been and whatever their purpose in the beginning might have been whether good or evil, that they abandoned their purpose upon meeting the deceased and fled. Certainly it cannot be the law that because they were upon the premises of deceased, they would be denied the right of self-defense after the abandonment of their purpose, however evil it might have been. This theory of the law is condemned by this court in the case of *Jones* v. *State,* 84 Miss. 196, in which the following language is used: "It is well settled that one may wrongfully provoke a difficulty and yet if afterwards at any moment during its progress, he in good faith abandons the conflict and is subsequently murderously assaulted by the deceased and is forced to slay in self-defense, he is not estopped from pleading self-defense in justification of his acts. *Smith* v. *State,* 75 Miss. 553, 23 So. 260; *Patterson* v. *State,* 75 Miss. 675, 23 So. 647. We approve the language employed in *Lofton* v. *State,* 79 Miss. 734, 31 So. 425, where, speaking of an instruction similar to the one here under review the court said: "This form of charge declaring the defendant estopped to plead self-defense, is an exceedingly unwise one to be given. We have repeatedly condemned it. It can never be proper save in a few very rare cases where the case is such on its facts that a charge can be given embracing not part of them, nor nearly all of them—essential to the estoppel. The old paths are the safe paths." *Prine* v. *State,* 73 Miss. 838; *Jones* v. *State,* 36 So. 243.

We most respectfully submit that this case should be reversed and remanded.

*Frank Robinson,* assistant attorney-general for the state.

The only instruction given by the state about which there could be any argument as to its correctness is instruction No. 4, which is as follows: ''The court instructs the jury for the state, that the law in this case is, that a person cannot arm himself with a deadly weapon, with the intention of using it to overcome his adversary, if neces--sary, and so armed, go upon the premises of another and provoke a difficulty with him, and in such difficulty slay his adversary with such deadly weapon,. and then be heard to say that he acted in self-defense.''

This instruction may be somewhat crudely drawn, but I think it is a good charge. The criticism of this instruction by counsel for appellants is, that it fails to give the defendants the right of self-defense if the defendants had in good faith abandoned the conflict which he had provoked. In the case at bar, the defense of appellants is self-defense and an absolute denial of a premeditated design, but on the contrary, the specific defense was made that the mission of the appellants was altogether peaceful. So the failure to include in the instruction, the principle of an abandonment of the original premeditated design is necessary because of the peculiar facts of this case, harmless error.

SMITH, C. J., delivered the opinion of the court.

The jury could have found from the evidence that Ode Williamson provoked the difficulty with the deceased by going into the house and attempting to shoot him, but, failing so to do, abandoned the difficulty and fled, and while attempting in good faith to escape, was pursued and attacked by deceased and forced to kill him in self-defense. Consequently the state's fourth instruction should not have been granted. *Smith* v. *State,* 75 Miss. 553, 23 So. 260; *Patterson* v. *State,* 75 Miss. 675, 23 So.

647; *Lofton* v. *State,* 79 Miss. 734, 31 So. 420; *Jones* v. *State,* 84 Miss. 194, 36 So. 243; note to *State* v. *Gordon,* 109 Am. St. Rep. 808 *et seq.;* 13 R. C. L. 834.

*Reversed and remanded.*