LEE v. STATE.*

(In Banc.   March 23, 1925.)

[103 So. 233.   No. 24160.]

1. JURY. *Special venire in capital case drawn more than thirty days after preparation of list of jurors should be drawn from jury boxes.*

Section 2688, Code of 1906, section 2180, Hemingway's Code, provides, among other things, that "the board of supervisors, at the first meeting in each year, or at a subsequent meeting if not done at the first meeting, shall select and make a list of persons to serve as jurors in the circuit court for the twelve months beginning more than thirty days afterward." The board of supervisors on December 10, 1923, at its regular meeting prepared the jury list in accordance with this statute. The next term of the circuit court convened on January 7, 1924, less than thirty

days from the preparation of the list. A special venire was awarded at that term of court in a capital case and drawn on January 16, 1924, more than thirty days after the preparation of the list. The defendant demanded that the special venire be drawn from the list in the jury boxes. The court over his objection ordered a special *venire facias* for fifty men to be summoned from the body of the county. *Held*, the special venire should have been drawn from the jury boxes, more than thirty days having elapsed since the preparation of the jury list by the board of supervisors and the drawing of the special venire, which is the test.

2. JURY. *Denial of right of one accused of capital offense to have jury drawn from jury boxes not cured by statute.*
   Under section 2715, Code of 1906, section 2208, Hemingway's Code, a defendant in a capital case has the right to demand a special venire to be drawn "in open court, from the jury box, . . . and in the event that there should be no such box, or the same should be mislaid, or the names therein have been exhausted, then the court may order a special *venire facias.*" This right of a defendant in a capital case is a substantial valuable right which cannot be denied him by the court. And where the court refuses at the request of the defendant to draw the special venire from the jury boxes the error is not cured by section 2718, Code of 1906, section 2211, Hemingway's Code, declaring the jury laws merely directory.

3. HOMICIDE. *Charge that if accused armed himself and, in pursuance of intent to provoke quarrel and kill, killed deceased, he could not claim self-defense, not based on evidence, was erroneous.*
   In a capital case where there was no evidence to show that defendant armed himself with a deadly weapon with a view of provoking a difficulty with the deceased with intent to kill and murder him with such deadly weapon, it was error for the court to charge the jury that if he so armed himself, and in pursuance of such intent killed the deceased, he was cut off from the right of self-defense; there being no evidence upon which to base such an instruction.

4. CRIMINAL LAW. *Indictment and information. Error in initials of accused in indictment held harmless, although amendment was not made.*
   Defendant in a capital case whose name was W. J. Lee was indicted under the name of W. L. Lee. The evidence showed without conflict that the defendant was the person intended—that he was not misled by the mistake in initials in the indictment. Under sec-

tion 1508, Code of 1906, section 1266, Hemingway's Code, which provides, among other things, that where there is a variance between indictment and the evidence "in the Christian name or surname or both or other description whatever of any person whatsoever therein named or described," such defect was amendable. *Held*, error was harmless, although the amendment was not made.

---

*Headnotes 1. Juries, 35 C. J., section 259; 2. Juries, 35 C. J., section 268; 3. Homicide, 30 C. J., section 627; 4. Criminal Law, 17 C. J., section 3627; Indictments & Informations, 31 C. J., section 416.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

W. J. Lee was convicted of murder, and he appeals. Reversed and remanded.

*Currie & Smith, Geo. W. Currie* and *E. L. Wingo,* for appellant.

I.' The court erred in refusing to draw a special venire from the jury boxes and in ordering the sheriff to select a venire without respect to the jury boxes. On the return date of the venire the defendant, before any of the venire was accepted, sworn or impaneled, made a motion to quash the venire and objected to proceeding with the trial, because the defendant insisted that the venire should have been drawn from the boxes, while the court was of opinion that it should not.

It appears from the minutes of the court that the board of supervisors had failed to fill the jury boxes more than thirty days next preceding the opening day of the term of court. The defendant objected to the manner of drawing the venire before the commencement of the drawing, and further moved to quash the venire before it was accepted, sworn or impaneled.

It is further shown that the jury boxes were filled by the board of supervisors on December 10, 1923, at a reg-

ular meeting of the board of supervisors as appears from the minutes of the board, and that the board placed in the jury boxes the names of jurors and filed a copy with the clerk, and that the names were in the jury boxes on the date of the drawing of the special venire.

The court was of opinion that it had no right to draw this special venire on January 16, 1924, from the jury boxes, because these boxes were not filled more than thirty days before the opening day of court, which was January 7, 1924. However, the court found that the jury boxes were filled more than thirty days before the drawing of a special venire in this cause.

Under previous statutes there may have been some question as to whether a jury could be selected from a jury box which had not been filled thirty days or more before the opening day of the court, but we submit that under our present statutes the thirty day requirement has reference to the date of the trial and not the opening day of the court. Section 2688, Code of 1906, provides how the list of jurors shall be procured. This statute does not require that the jury boxes shall be sealed thirty days before the opening day of a court, but it refers specifically to the time within which the jury boxes must be used and that time is said by the statute to be "the twelve months beginning more than thirty days afterwards."

Section 2714, Code of 1906, provides when the court may order jurors drawn and summoned. This statute, itself, shows that the court has no right to draw and summon jurors unless it appears "that jurors have not been drawn or summoned for the term or any part thereof." This specifically indicates that the jury boxes may be used for part of a term, even though they are not under the law eligible for the entire term, and this harmonizes with the "twelve months" period mentioned in section 2688.

Section 2715, Code of 1906, is with reference to a special venire in capital cases and it provides that the "jury shall be drawn in open court from the jury boxes." Un-

der this statute "the court has no right to disregard the jury boxes and may not order a venire in any other manner except in the event that there should be no such box;" or the same should be mislaid, or the names therein have been exhausted." We, therefore, submit that the court erred in the manner and method of selecting a special venire and in the directions given the sheriff with respect to selecting and summoning the jurors.

These objections were seasonably raised and we, therefore, submit that the cause should be reversed. *State* v. *Forbes,* 98 So. 844.

We further submit that the proceedings in the lower court are erroneous, because the defendant was indicted as W. L. Lee and the testimony shows that his name is W. J. Lee. It was a material defense which was not the subject of amendment. Further that the record of the proceedings does not show any sufficient or proper amendment so as to conform the indictment to the proof, even though the court had authority to grant such an amendment.

*E. C. Sharp,* Assistant Attorney-General, for the state.

The chief objection of appellant is to the action of the court in not sustaining the motion to quash the special venire because it was not drawn from the jury box in open court as provided by section 2208, Hemingway's Code, being section 2715, Code of 1906. See section 2211, Hemingway's Code and *Head* v. *State,* 44 Miss. 731; *Buchanan* v. *State,* 84 Miss. 332; *Walford* v. *State,* 106 Miss. 19; *Ferguson* v. *State,* 107 Miss. 559; *Haney* v. *State,* 129 Miss. 486, 92 So. 627.

In the case at bar the appellant exhausted only five of his peremptory charges. Therefore, it is to be presumed that the jury as impaneled was composed of competent, fair and impartial jurors. *Simmons* v. *State,* 109 Miss. 605; *McVey* v. *State,* 117 Miss. 243.

Argued orally by *G. W. Currie,* for appellant, and *M. Bryan,* Assistant Attorney-General, for the State.

ANDERSON, J., delivered the opinion of the court.

Appellant, W. J. Lee, was indicted, tried and convicted in the circuit court of Forrest county of the crime of murder and sentenced to the penitentiary for life. From that judgment he prosecutes this appeal.

Appellant was awarded a special venire. Over his objection the clerk by order of the court issued a special *venire facias* to the sheriff for fifty men. Appellant insisted that a special venire be drawn from the jury boxes prepared by the board of supervisors under section 2688, Code of 1906, section 2180, Hemingway's Code. The court refused to draw the special venire from the jury boxes because the jury list therein had been prepared by the board of supervisors less than thirty days before the convening of the term of court at which appellant was tried; the court being of opinion that the list for that reason could not be used. The board of supervisors at its regular December meeting, 1923, prepared and deposited the jury list in the jury boxes in accordance with the statute. The minutes of the board show that this was done on the 10th of December, 1923. The term of court at which appellant was tried began on January 7, 1924, less than thirty days from the preparation of the list. A special venire was awarded and drawn on January 16, 1924, more than thirty days after the preparation of the list. Section 2688, Code of 1906, section 2180, Hemingway's Code, provides, among other things, that—

"The board of supervisors, at the first meeting each year, or at a subsequent meeting if not done at the first meeting, shall select and make a list of persons to serve as jurors in the circuit court for the twelve months beginning more than thirty days afterward."

It will be observed that the statute does not provide that the persons so selected shall not serve as jurors at a term of court convening within thirty days from the preparation of the list by the board of supervisors. The provision of the statute is that they are to serve as jurors

for the twelve-months beginning more than thirty days after their selection. We hold that a special venire drawn more than thirty days after the preparation of the jury list are competent to serve whether the term of court at which they are called to serve convened earlier or later than thirty days from the making up of the jury boxes, provided thirty days or more has intervened between the making up of the jury boxes and the drawing of the special venire.

Under section 2715, Code of 1906, section 2208, Hemingway's Code, a defendant in a capital case has the right to demand a special venire to be drawn "in open court, from the jury ·box, . . . and in the event that there should be no such box, or the same should be mislaid, or the names therein have been exhausted, then the court may order a special *venire facias.*" There were legal jury boxes as we have held above. Appellant was given the right to a special venire to be drawn from such boxes. He was denied that right and over his protest a special *venire facias* "for fifty men" was issued and served. On its return appellant moved to quash the special venire because it was not drawn from the jury boxes. This motion was overruled, and the action of the court in refusing at the outset to draw the special venire from the jury boxes, and in overruling appellant's motion to quash the special venire which appeared in obedience to the service upon them by the sheriff of the special *venire facias,* was excepted to. This is a case, therefore, where the defendant did not wait until he was convicted to raise these questions. At every step in the trial he pointed out in advance what he thought were his legal rights and insisted on their observance by the court. It is a case where there were legal jury boxes out of which appellant was entitled to have a special venire, which right was denied him by the court in the face of the requirement of the statute.

The attorney-general relies upon our statute declaring the jury laws to be directory, section 2718, Code of 1906,

section 2211, Hemingway's Code. That statute is in this language:

"All the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely; and a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn; and shall have the power to perform all the duties devolving on the jury."

And he relies upon the case of *Simmons* v. *State*, 109 Miss. 605, 68 So. 913; Id., 107 Miss. 463, 65 So. 511, construing that statute. It was held in the Simmons case that although the jury list was made up altogether from one supervisor's district, a conviction would be upheld under that statute in the absence of a showing on the part of defendant that he was thereby prejudiced in his rights. We do not think that case decisive of the question here involved. There were jury boxes there from which the special venire was drawn. The defendant contended that it should not have been so drawn, because the boxes were illegal in that the board of supervisors in making up the list failed to apportion the names among the supervisors' districts as required by the statute. An irregular attempt had been made to follow the statute. Here we have a total departure from the requirements of the statute. The statute declaring the jury laws to be directory only undertakes to cure irregularities and defects occurring in the listing, drawing, summoning, and impaneling of juries. It is intended for cases where there has been an attempt to follow the jury laws and a departure therefrom. The statute has no application to a case like this, where there was no attempt to obey the jury laws. The action of the trial court was not an irregularity, but it was a proceeding wholly outside of the law, although the result of an error of judgment—a proceeding in the face of the direct requirement of the statute. The right of a defendant in a capital case to have a special venire drawn from the jury boxes is a most valuable right. The

138 Miss.—31.

list of names in the jury boxes are for service in the circuit court for twelve months. The statute (section 2688, Code of 1906, section 2180, Hemingway's Code )requires that the board "shall select and list the names of qualified persons of good intelligence, sound judgment, and fair character, and shall take them as nearly as they conveniently can, from the several supervisors' districts in proportion to the number of qualified persons in each, excluding all who have served on the regular panel within two years, if there be not a deficiency of jurors." The list is prepared without regard to jury service in any particular case. It is made with a view to service in all jury cases for twelve months beginning more than thirty days after their selection. When it is prepared by the board, there is no way of the board knowing with any degree of certainty that any particular case will be tried before a jury drawn from such list. Oftentimes, of course, capital cases tried before special venires drawn from the jury boxes have not arisen when the list is prepared. Therefore, of course, by no possibility could the list be made up with the view of the trial in such cases. On the other hand, when a special venire is summoned from the body of the county to be chosen by the sheriff and his deputies under his directions, there is large opportunity for the selection of a venire who are biased either for or against the defendant. And this may result either from bad motives on the part of the summoning officers or from unconscious bias or prejudice on their part. Capital cases in which wide interest is taken often fill the courtrooms with spectators strongly biased both for and against the defendants. They are more inclined to attend such trials than the unbiased and unprejudiced. The latter prefer to remain away to attend to the ordinary affairs of life. And the sheriff and his deputies, in summoning a special venire from the body of the county under those conditions, find it convenient to select those found in and about the courthouse. We hold therefore that we have not here an irregularity in the drawing and

summoning of the special venire, but instead we have a total departure from the plain requirement of the statute which resulted in harm to the appellant, in that he was denied a most valuable and substantial right.

The action of the court in charging the jury for the state that, if the evidence showed beyond a reasonable doubt that appellant armed himself with a pistol and brought on a difficulty with the deceased with the intent to kill and murder the latter, which purpose he carried out, he was cut off from the plea of self-defense, is assigned as error. Under the evidence in this case it was error to so charge the jury. There was not sufficient evidence upon which to base such an instruction. There was an entire absence of evidence to the effect that appellant armed himself with a pistol and went to the home of the deceased and called him out for the purpose of shooting and killing him with such pistol. On the contrary, the evidence tends to show that he armed himself for another purpose. *Thomas* v. *State,* 61 Miss. 60; *Patterson* v. *State,* 75 Miss. 670, 23 So. 647; *Williamson* v. *State,* 115 Miss. 716, 76 So. 637. However, in a multitude of instructions given for appellant the jury were instructed fully as to the law of self-defense. We do not decide, because not necessary, whether that action of the court is reversible error or not. Such an instruction should rarely be given. Several cases have been reversed by this court on account of its having been given.

Appellant's name as shown by the uncontradicted evidence is W. J. Lee. He was indicted under the name of W. L. Lee. It is argued that this was a fatal variance between the indictment and the evidence and the case should be reversed on that account. The record shows that no harm was done appellant by this error. It shows that he knew that he was the man intended by the indictment against W. L. Lee. There is nothing in the record to show that either he or his attorneys were misled by the error in his initials. Under section 1508, Code of 1906, section 1266, Hemingway's Code, which provides, among

other things, that where there is a variance between the indictment and the evidence "in the Christian name or surname, or both, or other description whatever, of any person whomsoever, therein named or described," such defect is amendable. See *Blumenberg* v. *State,* 55 Miss. 528; *Orr* v. *State,* 81 Miss. 130, 32 So. 998; *Woulard* v. *State* (Miss.), 102 So. 781. This statute applies as well to an error in the name of a defendant as any other person named in an indictment.

Other alleged errors are assigned and argued on behalf of appellant; and some of them are well founded, but are such errors as will probably not occur on another trial, and furthermore under the record in this case they were harmless errors. We do not discuss them, because we do not consider them of sufficient importance to the bench and the bar to do so.

*Reversed and remanded.*