## Ellis *v.* State.[*]

(Division B.   April 5, 1926.)

[107 So. 757.   No. 24734.]

Grand Jury. *Jury. Under the facts, held there was a complete departure from the statute, and so no valid jury lists and grand and petit juries should have been summoned from the body of county (Code 1906, sections 2714, 2718 [Hemingway's Code, sections 2207, 2211]).*

The board of supervisors, which can act only through its minutes, having made no attempt to comply with the statute as to making up the jury box, but there having been a mere handing to the clerk, by the individual members of the board, of lists of names from their respective districts, to be put in the jury boxes, which were neither signed nor marked "Filed" by the clerk, nor put on the minutes of the board, *held* there was a total departure from the statute, not cured by Code 1906, section 2718 (Hemingway's Code, section 2211), declaring directory only all provisions of law with reference to listing, summoning, and impaneling juries, and no valid jury lists were in the boxes, and hence grand and petit juries for the term should have been summoned from the body of the county, pursuant to section 2714 (section 2207).

---

[*]Corpus Juris-Cyc. References: Counties, 15CJ, p. 466, n. 9, 10; Grand Juries, 28CJ, p. 774, n. 50, 53; p. 776, n. 63; p. 779, n. 2; p. 788, n. 45 New; Juries, 35CJ, p. 269, n. 12, 16; p. 282, n. 42.

Appeal from circuit court of Leake county.
Hon. G. E. Wilson, Judge.
Bill Ellis was convicted of manslaughter, and appeals. Reversed and remanded.

*E. O. Sykes* and *Eastland & Mize*, for appellant.

The court erred in overruling the motion of the appellant to quash the jury panel.   The question for the determination of the court is whether in the drawing of these names which went into the jury boxes there was a

total departure from the jury laws. If there was, then under the decision of this court in *Lee* v. *State,* 103 So. 233, 138 Miss. 474, the motion was well taken and should have been sustained. See section 2688, Code of 1906 (section 2180, Hemingway's Code). This section of the code makes it the duty of the board of supervisors to select and make a list of persons to serve as jurors for the twelve months ensuing. This list of jurors so selected by the board must be turned over to the clerk of the court. The chancery clerk is *ex officio* clerk of the board. This clerk *shall* put the names from each supervisor's district in a separate box. These boxes shall be kept locked. Again the board *shall* cause the jury boxes to be emptied and refilled at that very meeting. In other words, all of this must be done during the session of the board of supervisors. These boxes must be then filled and the boxes locked during the meeting of the board.

The board can only speak through its minutes. This, of course, is elementary. The only order relating to this subject ever passed was the one in January continuing the matter of filling the jury boxes until the next meeting of the board in February. In February instead of attempting to comply with this statute, the board, as a board, did nothing. Each individual member of the board gave to the chancery clerk a list of names of people in his district, these names to be put in the jury box. This list was not even signed by the individual member. The chancery clerk gave these lists to the circuit clerk and the circuit clerk emptied the jury boxes and filled them with these names.

Appellant was to be tried by a petit jury drawn from these very boxes. He was, therefore, denied the same substantial and valuable rights that Lee was denied in the case cited. Only in this case, he was doubly denied that right; namely, in the failure to draw properly the grand jury and the petit jury.

*J. L. Byrd,* assistant attorney-general, for the state.

We are met at the threshhold of this case with the proposition that the grand jury panel should have been quashed on the motion of the appellant made before the jury was impaneled. The motion was made in time and the only question is, was the motion well taken?

We think counsel's position is untenable. The ground of objection to the jury panel was that the board of supervisors had not properly filled the jury box, in that the members of the board of supervisors had not actually filed the list of jurors and had put nothing on the minutes to show who had been selected as jurors. They say that the jury box was filled in such a manner as would have been tantamount to an indiscriminate filling of the box with names of just anyone whose name occurred to the person who filled the box. In support of their contention they cite *Lee* v. *State,* 103 So. 233. The Lee case is not an analogous case for the reason that the question before the court then was not the filling of the jury box; but the question was whether or not the circuit judge committed error in refusing to use the names already in the jury box and by ordering the sheriff to go out into the county and summon a venire, instructing the sheriff at the time not to select anyone who was kin to either the deceased or to the defendant. Counsel overlook *Atkinson* v. *State,* 137 Miss. 42, where the same question was raised as in this case, and this court said that the trial court was correct in overruling the motion to quash the panel because section 2718, Code of 1906, provides that all of the provisions of law in relation to the listing, drawing, summoning and impaneling of juries are merely directory.

The record nowhere shows that the grand jurors who were actually selected were not fair and impartial and otherwise qualified to act as grand jurors. The court was not in error in overruliing the motion to quash the panel.

Argued orally by *E. O. Sykes,* for appellant.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted at the November, 1924, term of the circuit court of Leake county of the crime of manslaughter in taking the life of Malcolm Stewart, from which judgment he appeals to this court.

In due time, appellant made a motion to quash the entire jury panel for the term of court at which he was tried, which, of course, included the grand jury, upon the ground that their names had been drawn from what purported to be the regular five jury boxes provided for by law, when, in truth and in fact, there were no valid jury lists in the boxes from which to draw the grand and petit juries for the term. Appellant's motion was overruled, and he was indicted and tried during that term of the court. The action of the court in overruling that motion is assigned and argued as error.

N. F. Wallace was chancery clerk, and by virtue of his office clerk of the board of supervisors of Leake county, and as such custodian of the minutes of the board. He showed by his testimony, which was undisputed, the facts with reference to the making up of the jury lists for Leake county for the year 1924, which were as follows:

There was an order entered on the minutes of the board at its January meeting, 1924, continuing the matter of selecting the names for the jury boxes until its next regular meeting. No other order was entered on the minutes of the board with reference to the matter, either at the February meeting or at any other meeting during that year. At the February, 1924, meeting, the members of the board handed to Wallace, the clerk, typewritten lists of names from their respective districts to be put into the jury boxes. These lists were not signed nor marked "Filed" by the clerk, or put on the minutes of the board of supervisors; on the contrary, the board took no action whatever with reference thereto, either on their minutes or otherwise. Wallace, the clerk, made a copy of the lists which he handed to the circuit clerk,

E. R. Henderson. Upon their receipt, the latter emptied the old names out of the jury boxes and put therein the names so handed him in place of those emptied out. From the lists so made up, the grand and petit juries for the term of court at which appellant was tried were drawn.

Appellant's position is that the jury lists thus made up were void, that, under the law, there were no jury lists, and therefore there were no legal grand and petit juries for the term of court at which appellant was indicted and tried. Appellant contends that section 2718, Code of 1906 (Hemingway's Code, section 2211), declaring that all the provisions of law with reference to listing, summoning, and impaneling juries shall be directory only, has no application, because here no effort was made by the board of supervisors to comply with the governing statute, that there was a total departure therefrom; while the position of the state is that the statute controls, and that what occurred in this case was a mere irregularity in the listing of the names for jury service, which irregularity was cured by the statute.

Appellant, to sustain his position, relies upon *Lee* v. *State,* 103 So. 233, 138 Miss. 474. The state, to sustain its contention, relies upon *Atkinson* v. *State,* 101 So. 490, 137 Miss. 42, and *Simmons* v. *State,* 68 So. 913, 109 Miss. 605; *Id.,* 65 So. 511, 107 Miss. 463. In the Lee case there were legal jury lists in the boxes from which to draw the names for the grand and petit juries. Notwithstanding that fact, the trial court ordered, and there was summoned from the body of the county, a special venire from which to select the jury to try the defendant. Due objection was made by the defendant to this course being pursued, which objection was overruled by the court. This court held, on appeal, that there had been no attempt to follow the statute in the drawing of the special venire; that there had been a total departure from the requirement of the statute; that section 2718, Code of 1906 (Hemingway's Code, section 2211), declaring all the provisions of law relative to

listing, drawing, summoning, and impaneling juries are directory merely, had no application; that that statute was intended to cover cases where there had been an attempt to follow the jury laws and where there had been a departure therefrom; that the statute had no application to a case where there had been no attempt whatever to obey the jury laws; that the action of the trial court was not a mere irregularity, but a proceeding wholly outside of the law in fact—a proceeding in the face of the direct requirements of the statute. And the court said in that case that the right of a defendant in a capital case to have a special venire drawn from the jury boxes was a most valuable right, and the denial thereof was therefore the denial of a substantial right.

The Simmons case was reviewed in the Lee case, and the latter was distinguished from that case. In the Simmons case the jury lists were made up all together from one of the supervisor's districts. This court held in that case that the making up of the lists in that manner was a mere irregularity, which was cured by the statute above referred to, and that therefore a conviction would be upheld in the absence of a showing on the part of the defendant that his rights had been prejudiced because of the manner in which the jury lists were made up.

In the Atkinson case, the board of supervisors had failed, in making up the jury list, to apportion the names put in the boxes between each supervisor's district in proportion to the number of qualified electors therein. This court held that the statute applied because the manner of making up the lists was a mere irregularity.

We see no conflict whatever in the Simmons and Atkinson cases on the one hand, and the Lee case on the other. In the former, there was an attempt by the county authorities dealing therewith to comply with the statute in the making up of the jury boxes; while, in the latter, there was no attempt whatever to comply with the statute, but, on the contrary, a total departure therefrom. It is true that in the Lee case there was involved

the drawing of a special venire, while in the Simmons
and Atkinson cases there was involved the manner of
making up the jury boxes. It should be borne in mind,
however, that the application of section 2718, Code of
1906 (Hemingway's Code, section 2211), is not confined
alone to the making up of the jury boxes, but applies
with equal force to the drawing, summoning, and im-
paneling juries.

In the present case, as in the Atkinson and Simmons
cases, the action of the court, of which the complaint is
made, is that there was no attempt to comply with the
statute with reference to the making up of the jury
boxes. The board of supervisors, as this court has often
held, can only act through its minutes. The making up
of the jury boxes by the board under the statute in-
volves the action of a board, and such action must ap-
pear upon its minutes. They can act in no other way.
The individual members of the board have no authority
of law to make out the list of names from their respective
districts to go into the jury boxes. Here we have the
jury boxes made up by the individual members of the
board, without any action of the board as such. The un-
signed lists were handed by each member to the clerk of
the board, who, in turn, without any authority shown
on the minutes of the board, turned the lists over to the
circuit clerk, the custodian of the boxes, who emptied the
old names out of the boxes and put therein the new lists
thus made up. In other words, the board of supervisors
did absolutely nothing with reference to making up the
jury boxes. If what was done by the individual members
of the board and the circuit and chancery clerks had
been done by a mere interloper, there would be no less
authority for it. We have here certain names in the jury
boxes from which the grand and petit juries for the term
of court at which the appellant was tried were drawn.
The minutes of the board of supervisors are consulted
to see how those names got into the jury boxes, and
we find they are silent. By parol, the facts are devel-
oped. It is shown that persons having no authority so

to do, made up the jury boxes. There is no evidence that the board made any attempt to comply with the statute with reference to making up the jury boxes.

We think the Lee case is controlling in principle; that this is a case where the jury boxes were made up squarely in the face of the statute; that it was not an irregularity, but a complete departure from the statute; and, as stated in the Lee case, the appellant's right to have legal grand and petit juries for the term of court by which he was indicted and tried was a substantial right, and the denial of it therefore harmful to the appellant.

There were no jury lists in the boxes, and therefore the grand and petit juries for the term should have been summoned from the body of the county, as provided by section 2714, Code of 1906 (Hemingway's Code, section 2207).

There was a motion by appellant for a change of venue, based on the alleged bias and prejudice existing against him in the public mind. His application was overruled. That action of the court is also assigned as error and argued with much ability and confidence. We do not deem it necessary to pass upon the question, because, when the case goes back for another trial, whatever bias or prejudice against the appellant which may have existed in the public mind at the time of the former trial may be found to have disappeared. We hold that the state of the public mind with reference to appellant's guilt at the time of the trial already had might have nothing to do with the question at another trial to be had in the future.

If there were other errors committed by the trial court than the one on which the case is being reversed, they appear to have been such as were not calculated to prejudice the appellant in his rights.

*Reversed and remanded.*