J. W. Sanders Cotton Mills, Inc., *v.* Moody.

(In Banc. June 9, 1941.)

[2 So. (2d) 815. No. 34622.]

Cameron & Wills, of Meridian, for appellant.

M. V. B. Miller, of Meridian, for appellee.

**Cameron & Wills,** of Meridian, for appellant, in reply.

Argued orally by **Ben F. Cameron**, for appellant, and by **M. V. B. Miller**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

This is the second appearance of this case in this court. J. W. Sanders Cotton Mill, Inc., v. Moody, 189 Miss. 284, 195 So. 683.

Appellee was an employe of appellant in its cotton mill. The action was for personal injuries received by her, alleged to have been caused by the negligence of her employer. The trial resulted in a verdict and judgment in favor of appellee in the sum of $7,000. From that judgment this appeal is prosecuted.

The main ground urged for reversal of the judgment is the action of the court in overruling appellant's motion to quash the panel for the week, from which the jury was to be drawn to try the case. Only twelve of the jurors drawn from the jury box qualified. The tales-jurors were

summoned by a constable of the county, under the direction of the judge. They were not drawn from the jury box as required by chapter 304, Laws of 1938. The officer summoning the tales-jurors was given the following instructions by the court: "You can get them in town. I don't want you to take time to go out in the country. Now take this in the record. I want you to get me good, fair, honest citizens, scattered from the county as much as you can by going in the city and bringing them up. I want you to bring me men that have not served on the jury in two years. You ask them that question and ask them if they are qualified voters. That is all you ask them. I don't want a bunch of men that have served on the jury in two years and delinquent voters brought up here on the expense of the county. Understand, thirteen, and get them for me as soon as you can, and you are working under the direction of this court as an officer of this court, and bring them in just as quick as possible, Mr. Bell. As you pick up one, have him come direct to me and report to me."

Chapter 304, Laws 1938, amends section 2160, Code 1930, so as to make it read as follows: "If at any regular or special term of a circuit court it appear that jurors have not been drawn or summoned for the term, or for any part thereof, or that the jurors have been irregularly drawn or summoned, or that none of the jurors so drawn or summoned are in attendance, or not a sufficient number to make the grand jury and three petit juries, the court shall immediately cause the proper number of jurors to be drawn from the box and summoned, or if there be not a jury box to be drawn from, the court shall direct the requisite number of persons, qualified as jurors, to be summoned to appear at such time as the court shall appoint, and the court shall thereupon proceed as if the jurors had been regularly drawn and summoned."

Section 2064 of the Code of 1930 reads as follows: "All the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory

merely; and a jury listed, drawn, summoned or impaneled though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn; and shall have the power to perform all the duties devolving on the jury.''

There was a jury box from which to draw the talesmen. The question is whether chapter 304 is mandatory or merely directory. We are of opinion that it is mandatory, and that the action of the court in summoning the talesmen was a complete departure therefrom. There was no pretense whatever of obeying the statute. The governing principles are laid down in Rhodman v. State, 153 Miss. 15, 120 So. 201, 202, wherein the court used this language: ''Without hesitation we hold that the action of the judge of the county court in hand-picking the list of names from which the jury was to be selected for the balance of the week of the court was without any authority of law, although no doubt prompted by the best of motives; that on the contrary it was squarely in the face of our jury laws. Therefore, the question is whether or not that action of the court was cured by the statute declaring all jury laws to be merely directory. The action of the court complained of was a total departure from our statutes prescribing the manner of selecting, summoning, and impaneling the juries. The statute declaring jury laws to be merely directory only undertakes to cure irregularities and defects occuring in the listing, drawing, summoning, and impaneling of the juries. The statute was intended to cover cases where there had been an *attempt* to follow the jury laws, and a departure therefrom. It has no application to this case, where there was no attempt whatever to obey the jury laws. The action of the county court, therefore, was not an irregularity; it was a procedure wholly beyond and outside of the law —a proceeding directly in the face of our statutes. The curative statute has no application to such a case. Shepherd v. State, 89 Miss. 147, 42 So. 544, 10 Ann. Cas. 963; Cook v. State, 90 Miss. 137, 43 So. 618; Lee v. State, 138

Miss. 474, 103 So. 233; Ellis v. State, 142 Miss. 468, 107 So. 757." The outstanding purpose of the statute was, so far as possible, to prevent the juries from being tampered with.

This question was properly raised in the court below by motion to quash the panel before the trial, and on motion for a new trial. It was not involved in the former appeal.

We held on the former appeal that this was not a case for a directed verdict for the appellant. With reference to that question the case is substantially the same as it was on the former appeal. We notice no other grounds for reversal. As heretofore stated, there have been two trials of the case, and two appeals to this court. All the questions involved on both appeals have been thoroughly and ably argued. If other errors were committed in the trial, we believe they are of such character that on another trial they would not be repeated.

Reversed and remanded.