MOFFETT *v.* STATE.

April 5, 1954

No. 39110          59 Adv. S. 33          71 So. 2d 303

*W. W. Dent,* Collins, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

This appeal is from a conviction for the unlawful possession of intoxicating liquor. When the case was called for trial there were only four jurors on the jury panel. While the record is not perfectly clear on this point, presumably twelve jurors were at the time deliberating on another case. At any rate, the trial judge entered an order adjudicating the fact to be that there were an insufficient number of jurors on the petit jury panels for the week from which to obtain a jury to try the case and the sheriff was directed to summon from the body of the county twelve men to serve as jurors in this case. The sheriff called the additional jurors from the bystanders in the courtroom and the jury so empaneled was tendered for the trial. Appellant filed a written motion and affidavit to quash the panel, which motion was overruled, and appellant was put to trial before the jury so selected.

Section 1794, Code of 1942, provides that when jurors are drawn and summoned for a term of circuit court and there are not a sufficient number to make up a grand jury and three petit juries "the court shall immediately cause the proper number of jurors to be drawn from the box and summoned." In the case of J. W. Sanders Cotton Mills, Inc. v. Moody, 191 Miss. 604, 2 So. 2d 815, we held that this statute is mandatory and not merely directory, and that when the petit juries have not been filled by men drawn from the jury box, the trial court must draw additional names from the box to fill the panels and cannot direct the sheriff to go out and summon men of his own selection. But under Section 1792, Code of 1942, the judge may direct that only two full juries shall be impaneled. It is only when the full panels have been drawn and made up and are subsequently exhausted that the trial judge may direct the sheriff to

select additional men from the body of the county without drawing them from the jury box. Cf. Smith v. State, 196 Miss. 524, 18 So. 2d 300, and Wilkerson v. State, 207 Miss. 556, 42 So. 2d 745. ■■ ■ In this case the motion to quash should have been sustained and enough jurors to complete the jury panels should have been drawn from the jury box and summoned.

We find no reversible error in the other points raised by appellant, but for the error indicated the cause must be reversed and remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.