ROBERTSON, Justice:
Jerry Box was convicted of the crime of burglary and sentenced by the Circuit Court of the First Judicial District of Chickasaw County, Mississippi, to a term of seven years in the Mississippi State Penitentiary.
Box was indicted by the Grand Jury on October 11, 1971. On written motion for mental examination made by defense counsel, Box was sent to the Mississippi State Hospital at Whitfield for a mental examination. The case was again continued at the April, 1972, term of court at the instance of defense counsel because of counsel’s illness.
The case was finally tried on October 16th and 17th, 1972. There was a hung jury and a mistrial was declared. The trial judge set the case for trial on Thursday, October 19, 1972, at 9:00 A.M.
*811 On October 18, 1972, the following order was signed:
“Whereas this case was tried to a jury selected from the regular jury panel returnable for Monday of the first week and that after having tried the case and qualifying them, that jury panel was exhausted in the trial of the first case, therefore in order to try the case during the second week, which case had been continued two terms of court and should be tried and therefore there was need for additional jurors and the Court therefore on date of October 18, 1972 ordered the clerk to bring the jury box into the courtroom and draw therefrom 60 names of additional jurors for the second week in order to get a jury to try this case. Upon said order of the Court, the Judge then drew from the jury box in open Court the sixty names for the venire facias.”
On October 19, 1972, a jury was selected from the additional jurors summoned, was accepted by the prosecution and defense, and after a full trial the defendant was convicted of the crime of burglary. Whereupon the court sentenced him to seven years in the state penitentiary. The sufficiency of the evidence to sustain the conviction and sentence was not challenged.
There were only two assignments of error:
“1. The trial court erred in drawing a new or special venire from the jury box for the second week of the term of Court to be summoned to try the Appellant so as to deprive the Appellant of his constitutional rights as guaranteed under the Constitution of the United States and the State of Mississippi.
“2. The trial court erred in denying the petition of the Appellant for Writ of Error Coram Nobis when it was brought to the attention of the trial court that the Board of Supervisors made no attempt to comply with the statutes in making up the jury lists.”
On October 19, 1972, defense counsel orally moved to quash the jury panel, contending :
“[Tjhat the Court has no statutory authority to pull a special venire for the trial of this cause and this defendant has a right to be tried, if he is to be tried, under the regular jury venire for this week of this Court; that this Jury panel and jury venire is void to try this defendant with them under these conditions on the 19th day of October, after it being a hung jury in this Court on the 17th day of October, which is a violation of his Constitutional rights and amounts to cruel and inhuman treatment.”
The trial court overruled the motion, stating:
“The case was tried; there was a hung jury, and a mistrial declared, that the Jury laws of the State of Mississippi are not mandatory, but are directory and that the Court in order to function, being the Circuit Court, must have a jury to try cases, and the Court has authority to call additional jurors.
"This is not a special venire, just additional jurors drawn, under direction of the Court in open Court.” (Emphasis added).
We think that the trial court was correct in overruling the motion to quash, the jury panel and in proceeding to trial.
The pertinent statutes are Sections 1792 and 1794, Mississippi Code 1942 Annotated (§ 13-5-65 and § 13-5-75, Mississippi Code 1972 Annotated). § 1792 (§ 13-5-65) provides in part:
“After the drawing of the grand jury, the remaining jurors in attendance shall be impaneled into three petit juries for the first week of court if there be a sufficient number left, and, if not, the court may direct a sufficient number for that *812 purpose to be drawn and summoned. . ” (Emphasis added).
Section 1794 (§ 13-5-75) provides:
“If at any regular or special term of a circuit court it appear that jurors have not been drawn or summoned for the term, or for any part thereof, or that the jurors- have been irregularly drawn or summoned, or that none of the jurors so drawn or summoned are in attendance, or not a sufficient number to make the grand jury and three petit juries are present, the court shall immediately cause the proper number of jurors to be drawn from the box and summoned, . ” (Emphasis added).
In Moffett v. State, 220 Miss. 587, 71 So.2d 303 (1954), we explained the difference between these two sections:
“Section 1794, Code of 1942, provides that when jurors are drawn and summoned for a term of circuit court and there are not a sufficient number to make up a grand jury and three petit juries ‘the court shall immediately cause the proper number of jurors to be drawn from the box and summoned.’ In the case of J. W. Sanders Cotton Mills, Inc. v. Moody, 191 Miss. 604, 2 So.2d 815, we held that this statute is mandatory and not merely directory, and that when the petit juries have not been filled by men drawn from the jury box, the trial court must draw additional names from the box to fill the panels and cannot direct the sheriff to go out and summon men of his own selection. But under Section 1792, Code of 1942, the judge may direct that only two full juries shall be impaneled. It is only when the full panels have been drawn and made up and are subsequently exhausted that the trial judge may direct the sheriff to select additional men from the body of the county without drawing them from the jury box. Cf. Smith v. State, 196 Miss. 524, 18 So.2d 300, and Wilkerson v. State, 207 Miss. 556, 42 So.2d 745.” 220 Miss. at 589-590, 71 So.2d at 303-304. (Emphasis added).
We stated the method we preferred in Adams v. State, 220 Miss. 812, 72 So.2d 211 (1954):
“Rather than have the necessary additional jurors selected by the sheriff, he determined that justice would be better served and a more nearly impartial jury panel obtained by drawing the names by chance from the jury box and he accordingly ordered this done. The law favors the selection of jurors in this manner.” 220 Miss. at 816, 72 So.2d at 213. (Emphasis added).
We hold that the trial court was specifically authorized by statute (§ 1794) to draw the names of additional jurors from the jury box, and that the trial court was correct in overruling the motion to quash.
As to the second assignment of error that the trial court erred in denying the petition of appellant for a writ of error coram nobis, we note in the record that the written notice to the court reporter, to transcribe her notes and prepare the record, was dated October 20, 1972. A $500 Appeal Cost Bond was executed and approved by the Circuit Clerk on that same day, October 20, 1972. The appeal was perfected on October 20, 1972, with the filing and approval of the appeal bond [Section 1174, Miss.Code 1942 Annotated (1956)] and on that day jurisdiction vested in this Court. The Circuit Court no longer had jurisdiction.
The petition for writ of error coram nobis was filed in the Circuit Court on November 16, 1972, 27 days after jurisdiction had vested in this Court.
The district attorney on December 5, 1972, filed a motion to dismiss on the ground that “the allegations embodied in said Petition are mere averments as to law and not as to facts and, consequently, a Petition for Writ of Error Coram Nobis does not lie in this case.” An additional *813 ground was that no proof was offered during the course of the trial as to the allegations set forth in the petition for a writ of error coram nobis, and that the defendant “thereby waived his right to now present such proof in support of this Petition.”
The district attorney also filed an answer on December 12, 1972.
On December 12, 1972, the trial court first reserved its ruling on the motion to dismiss, and then proceeded to hear evidence on the petition for writ of error cor-am nobis. Box called the chancery clerk as a witness and he testified that the Minutes of the Board of Supervisors of Chickasaw County did not reflect any action of the Board with reference to the selection of names for the jury lists or the names for the jury boxes for the October, 1971, or October, 1972, terms of court. Examination of the Chancery Clerk and the Circuit Clerk by the district attorney revealed that the actual procedure followed, in the selection of names for the jury lists and the preparation of the jury boxes, was in accordance with the statutory requirements.
Upon the completion of the hearing, the court sustained the objection to the testimony of the circuit and chancery clerks “because the only way the Board of Supervisors can speak is by Minutes, not by testimony outside the record.”
The court then ruled:
“So, the Court is of the opinion in this case that because the matter was never properly raised or if properly raised was never properly adjudicated, all of this evidence was available, simply a quick search by the defendant or by the defendant’s counsel to determine this, and now you can’t go back and say, well, I am just dissatisfied, there has been no showing whatsoever that anything was wrong with the jury, he was tried by twelve of his peers, the only thing appears is he found out two weeks or a week and a half, two weeks after he was tried that the jury list or the jury names placed in the jury box had not been done according to law and that he simply wants a new trial because of this. When he has raised the issue he presented no facts on it. It’s been adjudicated, it is finally over with and for those reasons, the writ will be denied and, of course, the motion to dismiss it will be sustained.”
In Harley v. State, 264 So.2d 406 (Miss.1972), we approved this language from Hilbun v. State, 167 Miss. 725, 148 So. 365 (1933):
“[B]oth the defendant and his attorneys must make affidavit, or testify under oath, that they were ignorant of such facts during the trial.” 167 Miss. at 736, 148 So. at 366.
With reference to the cross-assignment of error wherein the State contended that the trial court erred in excluding the testimony of the circuit and chancery clerks as to the procedure actually followed in selecting names for the jury lists and in filling the jury boxes, see Lott v. State, 204 Miss. 610, 623, 37 So.2d 782, 785 (1948).
We do not rule on the 2nd assignment of errors because the Circuit Court was without jurisdiction to hear the petition for writ of error coram nobis.
In Roberson v. Quave, 211 Miss. 398, 51 So.2d 777, (1951), appellant filed a motion in this Court asking this Court to direct and authorize the Harrison County Court to entertain a petition for writ of error coram nobis. In denying the motion, we said:
“The bond for appeal to this Court was approved and filed July 26, 1950. At that time jurisdiction of the county court ceased and jurisdiction vested in this Court. Section 753, Code 1942; Johnson v. Mississippi Power Co., 189 Miss. 67, 196 So. 642; Gaudet v. Mayor and Board of Aldermen of City of Natchez, Miss., 42 So.2d 808. The county court had no authority to proceed further in the trial of the issues in the case. Jen *814 nings v. Shapira, 131 Miss. 596, 95 So. 305. The only method known to our procedure to re-invest jurisdiction in the county court is by reversal and remand thereto by this Court, and the filing in the county court of mandate from this Court. Sec. 1990, Code 1942; White v. State, 190 Miss. 589, 195 So. 479. Divided jurisdiction, in such cases, is unknown to our procedure. We have no power to temporarily suspend our jurisdiction and re-invest the county court with jurisdiction to adjudicate issues; report back to this Court the result, thereby re-investing this Court with jurisdiction.” 211 Miss. at 403-404, 51 So.2d at 779.
To the same effect is Copeland v. Robertson, 236 Miss. 95, 122, 109 So.2d 528, 530 (1959). In the interest of orderly procedure in this court and in the circuit court, this is the only way it could be.
The conviction and sentence are, therefore, affirmed.
Affirmed.
GILLESPIE, C. J., and INZER, SMITH and BROOM, JJ., concur.